CA Bar No. 077632
Ray H. Olmstead
Attorney at Law
915 N. Alisos St.
Santa Barbara, CA 93103
(805-966-4757)
*olmstead@rholmstead.com*

Attorney for Jeffry
Locke, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-14672

MARK P. LASKEY
MARIANNE E. LASKEY                       Chapter 7

                                         Date:  July 29, 2011
              Debtors                    Time:  9:00 a.m.
                                         Court: Santa Rosa
_____/

**TRUSTEE'S HEARING BRIEF ON**

**MOTION FOR TURNOVER OF PROPERTY TO THE ESTATE**

Debtors have objected to, and requested a hearing on, the Trustee's motion for turnover of property of the estate. In the Objection the Debtors admit that they had $5,904.41 in non-exempt bank balances on the date of the commencement of the case. Upon receipt of the Objection, Trustee's counsel requested turnover of those non-exempt funds; Trustee's counsel acknowledged that he had received the relevant bank statements, which were also a subject of

the turnover motion. Debtors have failed to turnover the non-exempt funds, thus necessitating this hearing.

There is absolutely no need for this hearing, inasmuch as Debtors' admit they had non-exempt bank balances and have not turned them over. Even if they contend that they are unable to pay over the full amount owed, in one lump sum, there are no grounds for disputing the Trustee's right to a turnover order. The Trustee should be awarded his attorney's fees and costs as a sanction against the Debtors for failing to stipulate to the turnover order, and thus requiring this hearing.

In their opposition the Debtors state that perhaps they over-valued their interest in the corporation, Rale Electric, and thus could protect the bank balances by using some of the exemption applied to their interest in that corporation.

The Trustee contends that any such change in the Debtors' exemptions would constitute bad faith and be prejudicial to the creditors of the estate. See <u>In re Nicholson</u> 435 B.R. 622 (9th Cir BAP, 2010). The Debtors valued their interest in Rale Electric at one half of the full value of that corporation, which they stated to be $35,000. The Trustee relied upon that valuation and took no action to liquidate the corporation and sell its assets. Since the filing of this case, nearly 8 months ago, the Debtors have continued to do business through the corporation. Thus, at this time it is unclear what portion of the corporation is, or would be, property of the estate and what portion is attributable to any post-petition increase in value of that asset.

Arguably, because the Debtors valued the corporation in their schedules, and then exempted their interest in an amount equal to

the full value of that asset, their interest in Rale Electric is no longer property of the estate.

Dated:   July 18, 2011

/s/ Ray H. Olmstead
Ray H. Olmstead, Attorney for
Jeffry Locke, Trustee